UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH L. CARSTEN,                          Case No. 15-14379

              Plaintiff,                    David M. Lawson
v.                                          United States District Judge

COMMISSIONER OF SOCIAL SECURITY,            Stephanie Dawkins Davis
                                            United States Magistrate Judge
              Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 13, 15)**

## I.   PROCEDURAL HISTORY

     A.    Proceedings in this Court

     On December 17, 2015, plaintiff filed the instant suit seeking judicial

review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge

David M. Lawson referred this matter to the undersigned for the purpose of

reviewing the Commissioner's decision denying plaintiff's claims for disability

insurance benefits.  (Dkt. 4 and Text-Only Order dated 1/5/2016).  This matter is

before the Court on cross-motions for summary judgment.  (Dkt. 13, 15).

     B.    Administrative Proceedings

     Plaintiff filed the instant claims for period of disability and disability

1

insurance benefits (DIB) on September 19, 2013, alleging that he became disabled on June 25, 2013. (Dkt. 11-2, Pg ID 48). The claims were initially disapproved by the Commissioner on December 23, 2013. *Id*. Plaintiff requested a hearing and on March 11, 2015, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Kevin W. Fallis, who considered the case *de novo*. (Dkt. 11-2, Pg ID 61-102). In a decision dated May 29, 2015, the ALJ found that plaintiff was not disabled. (Dkt. 11-2, Pg ID 48-56). Plaintiff requested a review of this decision on July 10, 2015. (Dkt. 11-2, Pg ID 41). The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on October 20, 2015, denied plaintiff's request for review. (Dkt.11-2, Pg ID 33-35); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff, born in 1962, was 50 years of age on the alleged disability onset date. (Dkt. 11-2, Pg ID 54). The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial

gainful activity since the alleged onset date. (*Id*. at 50). At step two, the ALJ found that plaintiff's diabetes mellitus, neuropathy, obesity, frozen (non-dominant) left shoulder and degenerative joint disease of the left knee were "severe" within the meaning of the second sequential step. (*Id*.) At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (*Id*. at 50-51).

The ALJ determined that plaintiff had the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567; lifting up to 20 pounds occasionally; lifting/carrying up to 10 pounds frequently; standing/walking for about six hours and sitting up to six hours in an eight-hour work day, with normal breaks; never pushing or pulling; never using foot control operation; never climbing ladders, ropes or scaffolds; occasional climbing of ramps or stairs; occasional balancing, stooping, kneeling, crouching, or crawling; never reaching overhead with the non-dominant left upper extremity; limited to jobs which can be performed while using hand held assistive device for uneven terrain or prolonged ambulation; must avoid all exposure to excessive vibration; must avoid even moderate use of hazardous moving machinery; must avoid all exposure to unprotected heights.

(*Id*. at 51). At step four, the ALJ found that plaintiff was unable to perform his past relevant work, given his RFC. (*Id*. at 54). At step five, the ALJ denied

plaintiff benefits because he could perform a significant number of jobs available in the national economy.  (*Id*. at 55).

B.     Plaintiff's Claims of Error

Plaintiff argues that the ALJ's decision did not comply with Social Security rules and regulations.  According to plaintiff, there is absolutely no rationale nor discussion of plaintiff's medical problems in the ALJ's decision.  Plaintiff contends that the ALJ's decision is a recitation of jurisdictional history, and medical records followed by conclusory statements by the ALJ.  Plaintiff argues that the findings of the ALJ cannot meet the substantial evidence test and that the ALJ failed in his duty to investigate the facts and develop the arguments both for and against granting benefits. *See Sims v. Apfel*, 530 U.S. 103, 110-111 (2000). (Dkt. 13, Pg ID 547).

Plaintiff posits that the ALJ's failure to give specific reasons for his findings was legal error requiring reversal.  Further, plaintiff asserts that the examining physician's opinion that plaintiff's ability for "prolonged standing" was "somewhat limited" was inconsistent with the RFC, which indicated a capability to walk or stand for up to six hours within an eight-hour work day.  Plaintiff also argues that an RFC requiring the use of an assistive device for ambulation is inconsistent with light work under Social Security regulations.  SSR 83-10; SSR 96-9p.  (Dkt. 13, Pg ID 548).

4

Furthermore, plaintiff argues there is not a "scintilla" of evidence to support the physical RFC assessment that plaintiff would be capable of light work including work that requires lifting up to 20 pounds, standing, and walking, on a sustained basis.  Plaintiff asserts that the ALJ's finding is so vague it cannot be supported by substantial evidence.  (Dkt. 13, Pg ID 549).

Plaintiff claims that the ALJ committed reversible error in not finding claimant credible because the ALJ never discusses or evaluates plaintiff's subjective complaints under 20 CFR 416.929 (c).  Plaintiff asserts that, while it is not necessary to discuss every factor, the ALJ does have a duty to discuss something; here he discusses none of the factors.  According to plaintiff, the ALJ erred specifically by not discussing plaintiff's medication side effects, daily activities and pain and never stating any reasoning for his decision, only conclusory statements.  All of the above is reversible error.  (Dkt. 13, Pg ID 549).

Plaintiff maintains that the ALJ also failed to satisfy the narrative discussion requirements of SSR 96-8p.  Plaintiff furthermore contends that the ALJ's RFC fails to portray plaintiff's physical and mental impairments, and that work does not exist in significant numbers that he can perform.  (Dkt. 13, Pg ID 550).

C.    The Commissioner's Motion for Summary Judgment

The Commissioner argues that the ALJ provided more than adequate support for his RFC finding.  The Commissioner cites the following evidence that

5

supports this finding:

> (1) Plaintiff told Dr. Nims he could walk up to a mile at a time, and Dr.
> Nims noted Plaintiff had a normal and steady gait (Dkt. 11-2, Pg ID 52; Dkt.
> 11-7, Pg ID 288, 290);
>
> (2) On his Function Report, Plaintiff indicated difficulty with climbing
> stairs, but also that he could make simple meals, do housework with breaks,
> and go shopping for two or three hours at a time (Dkt. 11-2, Pg ID 51, Dkt.
> 11-6, Pg ID 222-229);
>
> (3) Clinical exams with primary care physician assistant Ms. Vanderlaan
> revealed some decreased foot feeling, but were otherwise generally normal
> (Dkt. 11-2, Pg ID 53; e.g., Dkt. 11-7, Pg ID 345, 478, 504); and
>
> (4) Plaintiff reported great improvement with his shoulder pain after
> completing physical therapy (Dkt. 11-2, Pg ID 53; Dkt. 11-7, Pg ID 317).

The Commissioner also contends that the ALJ could rely in part on Dr. Nims's

exam report.  Plaintiff argues that Dr. Nims's opinion was inconsistent with the

RFC's limitation to walking and standing up to six hours in a workday with the

use of a cane for uneven terrain and prolonged walking.  (Dkt. 13; Dkt. 11-2, Pg

ID 51).  But as plaintiff concedes, Dr. Nims's assessed restriction on "prolonged"

standing was not specific (*see* Dkt. 13).  Thus, according to the Commissioner, the

RFC, which requires six hours of standing in an eight hour workday, and the use

of a cane for uneven terrain and prolonged walking, could be seen as consistent

with Dr. Nims's opinion.  Moreover, as the ALJ pointed out, plaintiff said he

could walk a mile at a time, and Dr. Nims found plaintiff had an entirely normal

gait.  (Dkt. 11-2, Pg ID 52; Dkt. 11-7, Pg ID 288, 290).  Dr. Nims also concluded

plaintiff was fully capable of all daily activities.  (Dkt. 11-7, Pg ID 293).  Thus, the

ALJ's assessment of light work with the use of a cane for uneven terrain and

prolonged walking could be seen as consistent with Dr. Nims's opinion.

Regardless, the ALJ did not say he fully adopted Dr. Nims's opinion.

Rather, he gave it only great weight, indicating he accepted most, but not all, of

the opinion (*see* Dkt. 11-2, Pg ID 52-53, 54).  Moreover, the ALJ allowed for the

use of a cane for uneven terrain or prolonged ambulation (Dkt. 11-2, Pg ID 51).

Thus, even if there were a small difference between the RFC and Dr. Nims's

opinion, this would not be an error.  It would simply allow for an inference that the

ALJ did not accept that particular part of the opinion.  (Dkt. 15, Pg ID 566-567).

The Commissioner also argues that the ALJ properly considered plaintiff's

credibility.  The ALJ noted plaintiff's alleged limitations.  (Dkt. 11-2, Pg ID 51-

52).  These included, for example, that he could stand only 10 to 15 minutes at a

time, that he needed a cane for walking and balance, and that he had severely

limiting leg pain.  (Dkt. 11-2, Pg ID 52, 70, 72, 80-82).  But the ALJ also noted

that plaintiff told Dr. Nims he could walk up to a mile at a time, and that Dr. Nims

found plaintiff did not need a cane.  (Dkt. 11-2, Pg ID 52; Dkt. 11-7, Pg ID 288,

290).  Plaintiff also alleged seriously limiting shoulder problems, but the ALJ

noted he told his orthopedic specialist that physical therapy significantly helped

his shoulder.  (Dkt. 11-2, Pg ID 53; Dkt. 11-7, Pg ID 317).  And the ALJ noted

Plaintiff even skipped the last physical therapy session, resulting in his discharge (Dkt. 11-2, Pg ID 53; Dkt. 11-7, Pg ID 323). Thus, according to the Commissioner, the ALJ reasonably concluded plaintiff's allegations were not fully consistent with the record, and assessed an RFC that differed somewhat from his claims.

As to plaintiff argument that the ALJ erred by failing to discuss "[s]uch factors as medication side effects, daily activities, and pain symptoms, the Commissioner notes that the plaintiff does not cite – and the record does not appear to contain – any evidence of significant medication side effects. The Commissioner notes that the ALJ discussed plaintiff's daily activities repeatedly, noting, for example, that plaintiff said he could do housework with breaks and shop for up to two or three hours at a time. (Dkt. 11-2, Pg ID 50, 83; Dkt. 11-6, Pg ID 224, 225). Further, the ALJ noted Plaintiff's specific subjective pain complaints in detail (*see* Dkt. 11-2, Pg ID 51-52). The Commissioner asserts that plaintiff has not shown error.

Regardless, the Commissioner contends that an ALJ need not recite and discuss the regulatory credibility factors. As a court within the Sixth Circuit has stated, "[i]t is well established that ALJ is not required to discuss every [credibility] factor or conduct a factor-by-factor analysis." *Pratt v. Comm'r of Soc. Sec.*, 2014 WL 1577525, at *3 (W.D. Mich. April 1, 2014) (collecting Sixth

Circuit authority), adopted by 2014 WL 1577525 (April 21, 2014); *cf.* SSR 06-3p, 2006 WL 2329939, at *6 ("there is a distinction between what an adjudicator must consider and what the adjudicator must explain"); *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 Fed. Appx. 426, 432 (6th Cir. 2014) (recognizing similar distinction). Rather, he needs to give adequately specific reasons for his credibility finding.

Here, the Commissioner observes, the ALJ noted that Dr. Nims's exam report and plaintiff's daily activities seemed somewhat inconsistent with disabling limitations. Indeed, the only objective abnormality from Dr. Nims's exam was "spotty" loss of sensation and coldness in plaintiff's feet. (Dkt. 11-7, Pg ID 293). The ALJ also noted that treating source exams similarly revealed only some foot sensation loss and limited shoulder range of motion. (Dkt. 11-2, Pg ID 53-54; e.g., Dkt. 11-7, Pg ID 345). Thus, the ALJ cited substantial evidence that plaintiff's alleged limitations were not fully consistent with the record. (Dkt. 15, Pg ID 568-571).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard

11

presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.   <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et*

*seq*.).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in

13

substantial gainful activity, benefits are denied without further analysis.

Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

C.    Analysis and Conclusions

Plaintiff raises a number of underdeveloped arguments and generalized

accusations of ALJ misfeasance with little citation to case law or the

administrative record.  The undersigned is keenly aware that plaintiff's counsel

has been previously warned that "this Court will carefully examine his

submissions in future suits to ensure that they advance specific, narrowly tailored,

and properly supported arguments that rest upon (and cite to) the facts of a

15

particular case," and that "[f]ailure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings." *Roberts v. Comm'r of Soc. Sec.*, 2015 WL 5439725, at *2 (E.D. Mich. Sept. 15, 2015) (Rosen, J.); *see also Spiteri v. Colvin*, 2015 WL 7258749, at *3 n.3 (E.D. Mich. Nov. 9, 2015 (same) (Stafford, MJ).  (Dkt. 14, Pg ID 379).  A review of the submission from plaintiff's counsel suggests that the courts' warnings and admonitions have not been fully appreciated.  Nevertheless, the undersigned will address each of the arguments raised by plaintiff in turn.  *See Davis v. Comm'r. of Soc. Sec.*, 2016 WL 3713177, at *7 (E.D. Mich. June 15, 2016), report and recommendation adopted, 2016 WL 3682955 (E.D. Mich. July 12, 2016).

### 1.   RFC

Plaintiff has the burden of demonstrating that his RFC is insufficiently restrictive. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (claimant bears burden during first four steps); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (claimant bears burden of demonstrating need for more restrictive RFC); *Cason v. Colvin*, 2016 WL 6653019, at *5 (E.D. Mich. Aug. 9, 2016), report and recommendation adopted in part sub nom. *Cason v. Comm'r. of Soc. Sec.*, 2016 WL 4546872 (E.D. Mich. Sept. 1, 2016).  The determination of a claimant's RFC is a determination based on the

severity of his medical and mental impairments.  This determination is usually made at stages one through four, when the claimant is proving the extent of his impairments.  *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

Plaintiff does not allege and cites no record evidence demonstrating a need for more restrictive limitations than those set forth in the RFC.  Although plaintiff argues that the walking/standing requirement of up to six hours in an eight hour day conflicts with Dr. Nim's assessment that he is moderately limited in his ability to stand for prolonged periods, he does not cite to any record evidence to support a more restrictive walking/standing limitation.  Moreover, his testimony at his hearing that he struggles to stand for more than ten or fifteen minutes at a time is contradicted by his ability to walk a mile, as reported to Dr. Nims, as well as his daily activities including housework and shopping trips of two to three hours in duration.  Additionally, the RFC directly addresses Dr. Nims' concern about prolonged walking by providing for the use of a hand-held assistive device.[1] Without allegations or record evidence demonstrating a need for greater limitations for standing, plaintiff has not met his burden to demonstrate a need for a more restrictive RFC.

---

[1] Plaintiff's argument that his need for an assistive device is inconsistent with light work is not persuasive because this issue was addressed by both the ALJ and plaintiff's representative at hearing with the VE, who maintained the jobs cited could still be performed by a person using an assistive device for ambulation.  (Dkt. 11-2, Pg ID 96-97).

2.     Credibility Determination

An ALJ's credibility assessment can be disturbed only for a "compelling reason." *Sims v. Comm'r of Soc. Sec.*, 406 Fed. Appx. 977, 981 (6th Cir. 2011) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (ALJ's credibility assessment is entitled to "great deference," and a claimant's credibility may be properly discounted where an ALJ finds contradictions among medical reports, testimony, and other evidence).  Remand is not appropriate where there is substantial evidence to support the ALJ's decision not to fully credit plaintiff's testimony.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.").

Plaintiff suggests that the ALJ erred in his credibility determination by failing to consider such factors as medication side effects, daily activities and pain symptoms.  Yet, the ALJ is not required to discuss every factor in making his credibility finding.  Plaintiff does not allege any side effects from medications, and

the undersigned's review of the record evidence does not reveal complaints of or treatment for medication side effects.  Additionally, the ALJ did discuss daily activities, finding that plaintiff watched his grandchildren, taking them to school in the mornings, prepared simple meals, performed household chores, and shopped for necessities for two to three hours.  (Dkt. 11-2, Pg ID 51-52).  In finding the plaintiff's statements concerning the intensity, persistence and limiting effects of his pain less than entirely credible, the ALJ relied on evidence of plaintiff (1) needing neither surgery nor persistent treatment for his neuropathy, (2) discontinuing physical therapy for shoulder pain after reporting significant improvement in his symptoms, and (3) walking three blocks with the use of his cane.  (Dkt. 11-2, Pg ID 54).  In the view of the undersigned, this evidence provides substantial evidence supporting the ALJ's credibility determination, and as there is no "compelling reason" to the contrary, the ALJ's decision should be affirmed.

> 3.   SSR 96-8p

Finally, plaintiff argues that the ALJ failed to meet the requirements of SSR 96-8p, 1996 WL 374184, and again asserts that the ALJ did not discuss any evidence to support her conclusion.  (Dkt. 13, Pg ID 571).  SSR 96-8p simply directs an ALJ to assess an RFC in the context of what a claimant can do on a "regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1-2.  There is no

indication this ruling was intended to impose a formalistic requirement that an ALJ expressly state that the RFC reflects a claimant's ability to perform the specified level of activity on a regular and continuing basis. *Delgado v. Comm'r of Soc. Sec.*, 30 Fed. Appx. 542, 547-48 (6th Cir. 2002) ("Although a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing."). An "ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Delgado*, 30 Fed. Appx. at 548. Here, the ALJ discussed all the relevant evidence, cited supporting facts and evidence, and concluded that the evidence does not preclude plaintiff from performing a limited range of medium and light work. (Dkt. 11-2, Pg ID 50-53). Accordingly, the undersigned concludes that substantial evidence supports the ALJ's RFC assessment. *See Davis v. Comm'r. of Soc. Sec.*, 2016 WL 3713177, at *12 (E.D. Mich. June 15, 2016), report and recommendation adopted, 2016 WL 3682955 (E.D. Mich. July 12, 2016).

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the findings of the

Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

21

rule without awaiting the response.

Date: February 23, 2017              s/Stephanie Dawkins Davis
                                     Stephanie Dawkins Davis
                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 23, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                     s/Tammy Hallwood
                                     Case Manager
                                     (810) 341-7887
                                     tammy_hallwood@mied.uscourts.gov